UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                )
                                      )
STOREHOUSE, INC.                      )    Case No. 06-11144-SSM
                                      )    Chapter 11
            Debtor                    )

**MEMORANDUM OPINION AND ORDER
ON OBJECTION TO CLAIM 4401309 OF DORRILL CONNELL-LAKE**

A hearing was held on October 18, 2010, on the objection of the debtor in possession to Claim No. 4401309 filed by Dorrill Connell-Lake in the amount of $4,081.98 for unpaid commissions, bonuses, vacation and sick leave. Ms. Connell-Lake—who filed a timely response opposing the objection—was present in person and represented herself. For the reasons stated, the claim will be allowed in part and disallowed in part.

Background

Storehouse, Inc. ("the debtor") was a retailer of home furnishings and accessories. It filed a voluntary petition in this court on September 18, 2006, for reorganization under chapter 11 of the Bankruptcy Code. Shortly thereafter, it conducted going-out-of-business sales and ceased operations. A plan has not yet been confirmed.

Ms. Connell-Lake had worked for Storehouse at its Falls Church, Virginia, location as a design consultant since 2000. She was paid on a commission basis but received twice-monthly draws against expected commissions. She testified that she received on the average $2,500 to $3,000 a month, and that a "bad" month would be $1,500 or $2,000. She also testified that she generally made enough in commissions each month to cover draws, but if she did not, the

deficiency would be taken out of her next month's paycheck. The last paycheck she received was from October 13, 2006,[1] and would have been solely a draw check because it was not yet the end of the month. Any excess of commissions over draws would normally have been paid to her in November, since commissions were paid on delivered sales, that is, when the customer received the goods.

The proof of claim did not include calculations showing how Ms. Connell-Lake arrived at the claim amount, and she testified that because the claim had been prepared four years ago and she had moved in the interim, she no longer had any records that would allow her to re-create the calculation. She further testified that a portion of the claim represented vacation time not taken and a portion represented a bonus referred to as "SPIFF" that was awarded based on how well the store performed. A copy of Ms. Connell-Lake's last paystub that was admitted into evidence reflects an hourly rate of pay of $8.00 per hour, current accrued vacation of 54 hours, and "reserve" vacation (that is, vacation carried over from the prior year) of 40 hours. She testified that vacation was paid, not on the $8.00 per hour on which draws against commissions were paid, but based on what she actually earned during a six month period.

While it is certainly understandable that Ms. Connell-Lake would no longer have records supporting her claim, the court cannot allow a claim—to which no calculations or supporting documents were attached—simply based on testimony that supporting calculations and documentation once existed. But based on Ms. Connell-Lake's testimony and the pay stub admitted into evidence, the court believes there is a sufficient evidentiary basis to determine

---

[1] Ms. Connell-Lake continued working after that date for the liquidator that was brought in to conduct the going-out-of-business sales, but her claim relates solely to the period during which she was employed by the debtor.

entitlement to at least a portion of the claim. Specifically, the court finds that the evidence supports a finding of entitlement to accrued but unpaid vacation of 54 hours times an effective hourly rate of $14.43 per hour, for a total of $779.45. The effective hourly rate is derived by accepting the lower end ($2,500) of the average monthly compensation to which the debtor testified, divided by 4.33 weeks per month, divided by 40 hours per week. Although it is not entirely clear that the full amount of the accrued vacation was earned in the 180 days prior to the filing of the chapter 11 petition, the court will assume for the present purpose that it was. The prior year's (carry-over or "reserve") vacation cannot be allowed as part of claim because it falls outside the 180-day wage priority period in § 507(a)(4), Bankruptcy Code.

It is, accordingly,

**ORDERED:**

1. The objection to claim is sustained in part and overruled in part. Claim No. 4401309 filed by Dorrill Connell-Lake in the amount of $4,081.98 is allowed as a 4th-level priority claim in the amount of **$779.45** and is otherwise disallowed.

2. Ms. Connell-Lake is advised that an appeal lies from this order to the United States District Court for the Eastern District of Virginia. Except as provided in Rules 8003(b) and (c), Federal Rules of Bankruptcy Procedure, any notice of appeal must be filed with the clerk of this court not later than 14 days after the entry of this order. The filing fee for a notice of appeal is $255.00.

3. The clerk shall mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____    _____
                                              Stephen S. Mitchell
Alexandria, Virginia                          United States Bankruptcy Judge

Copies to:

Dylan G. Trache, Esquire
Wiley Rein & Fielding, LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA  22102
Counsel for the debtor in possession

Dorrill Connell-Lake
7926 Greenbury Dr.
Greenbelt, MD  20070
Creditor *pro se*

D. Marc Sarata, Esquire
Leach Travell Britt, PC
8270 Greensboro Drive, Suite 1050
McLean, VA  22102
Counsel for the Official Committee of Unsecured Creditors

Jack Frankel, Esquire
Office of the United States Trustee
115 South Union St., Suite 210
Alexandria, VA  22314